IN THE CIRCUIT COURT OF JACKSON COUNTY, WEST VIRGINIA

TIFFINY LONG, as Personal Representative
of the Estate of ARTHUR B. LONG, JR.,

        Plaintiff,

v.

        Civil Action No.: 17-C-129
        Honorable: ham A. Digel

ELDERCARE OF JACKSON COUNTY LLC
d/b/a ELDERCARE HEALTH AND REHABILITATION

        Defendant.

## COMPLAINT

Plaintiff, Tiffiny Long, hereby files this Complaint suing the Defendant Eldercare of

Jackson County, LLC d/b/a Eldercare Health and Rehabilitation states as follows:

## GENERAL ALLEGATIONS

1.    Tiffiny Long (hereinafter "Plaintiff") is a resident of Ravenswood, West Virginia.

2.    Jurisdiction of this Court is proper under the statutory and common law of the

State of West Virginia.

3.    Venue is appropriate in Jackson County, West Virginia.

4.    Upon information and belief, at all times material hereto, Defendant Eldercare

of Jackson County, LLC d/b/a Eldercare Health and Rehabilitation (hereinafter "Eldercare

Health and Rehabilitation") was and is licensed to do business within the state of West

Virginia and is authorized and licensed to operate a nursing home facility in Ripley, Jackson

County, West Virginia, known as Eldercare Health and Rehabilitation, pursuant to W.Va.

Code §16-5C-1, *et seq.* and 42 C.F.R. §483.75(a).



5.      Upon information and belief, at all times material hereto, Defendant Eldercare Health and Rehabilitation was and is operating a nursing home located at 107 Miller Drive Drive, Ripley, Jackson County, West Virginia.

6.      Upon information and belief, at all times material hereto the Defendant was subject to the provisions of W.Va. Code §16-5C-1, *et seq.*, and responsible for all actions at Trinity Healthcare of Mingo.

7.      On or around November 5, 2015, Arthur B. Long, Jr. was admitted to Eldercare Health and Rehabilitation for rehabilitation and assistance with his activities of daily living.  Arthur B. Long, Jr. and his family expected Eldercare Health and Rehabilitation to provide him with quality care as required by law.

8.      During his residency at Eldercare Health and Rehabilitation, Defendant failed to provide a safe environment for Arthur B. Long, Jr.  Defendant failed to provide adequate supervision to prevent Arthur B. Long, Jr. from the development and progressive worsening of pressure related skin injury and infection.

9.      The negligence and carelessness of the professionals and non-professionals at Eldercare Health and Rehabilitation contributed substantially in causing serious injuries to Arthur B. Long, Jr., resulting in pain and suffering.

10.      Plaintiff has performed all conditions precedent to bringing this action against Defendant, including performing an investigation of the deprivations and/or infringements of Arthur B. Long, Jr.'s right to adequate and appropriate health care, and the pre-suit investigation, screening and notice requirements, if any, required by W.Va. Code § 55-7B-6.

## COUNT I
## STATUTORY VIOLATIONS

2

11.   Plaintiff realleges and incorporates herein by reference paragraphs 1-10 above and further states as follows:

12.   This is an action pursuant to W.Va. Code § 16-5C-15.

13.   Notwithstanding the duty of Eldercare Health and Rehabilitation to provide Arthur B. Long, Jr. with his nursing home resident's rights mandated by statute during the relevant time periods, Arthur B. Long, Jr. was deprived of his right to receive adequate and appropriate health care and protective and support services consistent with his care plan, consistent with recognized practice standards and consistent with rules as adopted by the Department of Health and Human Resources, by the acts and omissions of Defendant, its agents, servants, employees, or outside caregivers, including but not limited to the following:

(a)   Failing to keep Arthur B. Long, Jr. and his family members fully informed of his total health status and of his medical condition during his residency at Defendant's facility;

(b)   Failing to provide a sufficient number of staff to provide adequate and appropriate nursing care to all its residents, including Arthur B. Long, Jr., and in accordance with their resident care plans;

(c)   Failing to provide health care services in compliance with state law and applicable Federal and State Rules and Regulations and with acceptable professional standards and principles applicable to the personnel providing those services at the nursing home facilities;

(d)   Failing to care for Arthur B. Long, Jr., in a manner and in such an environment so as to promote the maintenance or enhancement of his quality of life;

(e)   Failing to provide Arthur B. Long, Jr., with adequate supervision, assistive devices and an environment free of hazards to prevent accidents;

(f)   Failing to provide adequate supervision and monitoring of the resident to prevent pressure injuries; and,

(g)   Failing to provide adequate and appropriate care and treatment, nursing services, physician services, and other health care in an effort to enhance or maintain Arthur B. Long, Jr., quality of life and medical condition.

14.   Defendant's acts and omissions during the relevant time period also violated Arthur B. Long, Jr.'s right to be treated courteously, fairly and with the fullest measure of dignity.

15.   As a direct and proximate result of Defendant's acts and omissions during his residency at Eldercare Health and Rehabilitation, Arthur B. Long, Jr. suffered from the development and progressive worsening of pressure related skin injury, infection, mental anguish, physical pain and suffering and incurred medical treatment and expenses for such injuries and was deprived of adequate and appropriate treatment and healthcare or had such treatment and healthcare delayed and was denied his rights as a nursing home resident pursuant to W.Va. Code §16-5C-1, et seq. Therefore, Arthur B. Long, Jr., sustained lethal and non-lethal infringements of his rights as a nursing home resident at the Defendant's nursing home facilities. The actions and omissions alleged above arise to the level of reckless, wanton disregard, and punitive damages are warranted.

WHEREFORE, Plaintiff demands judgment against Defendant, and seek all damages allowable under West Virginia law, Attorney's Fees, and Punitive Damages as well as any

4

other items and relief that the Court sees fit to award and demands a trial by jury on all issues.

## COUNT II
## NEGLIGENCE

16.    Plaintiff realleges and incorporates by reference paragraphs 1-15 above and further states as follows:

17.    This is an action for negligence pursuant to W.Va. Code § 55-7B-1, *et seq.*

18.    Defendant had a duty to act with reasonable care in the provision of services to Arthur B. Long, Jr., during the course of his residency at Eldercare Health and Rehabilitation.

19.    Defendant breached its duty to Arthur B. Long, Jr., as set forth hereinabove.

20.    As a direct and proximate result of the negligence of the Defendant's employees, agents, and servants, committed during his residency at Eldercare Health and Rehabilitation and in the course and scope of their agency and employment, Arthur B. Long, Jr., suffered from the development and progressive worsening of pressure related skin injury and infection.

21.    As a direct and proximate result of the negligence of Defendant's employees and agents committed during the relevant time period in the course and scope of their agency and employment, during the course of his residency at Eldercare Health and Rehabilitation, Arthur B. Long, Jr., sustained bodily injuries resulting in pain and suffering, mental anguish, inconvenience, physical impairment, loss of capacity for the enjoyment of life, aggravation of existing diseases and physical defects, and incurred medical expenses. The actions and omissions alleged above arise to the level of reckless, wanton disregard and punitive damages are warranted.

WHEREFORE, Plaintiff demands judgment against Defendant, and seeks all damages allowable pursuant to West Virginia law, including, but not limited to Attorney's fees, costs, and punitive damages as well as any other items that the Court sees fit to award and demands a trial by jury on all issues.

## COUNT III
## ORDINARY NEGLIGENCE
## AND RECKLESS MISCONDUCT

22.     Plaintiff realleges and incorporates by reference paragraphs 1-21 above and further states as follows:

23.     In addition to the claims set forth above encompassing statutory and regulatory violations, Plaintiff alleges that Defendant committed common law negligence and were also reckless.

24.     Plaintiff further alleges such negligence is outside the scope of W.Va. Code § 55-7B-1, et seq., and includes, but is not limited to, such acts as:

    (a)     Failure to properly staff the facility;

    (b)     Failure to provide proper supervision of the decedent, Arthur B. Long, Jr.;

    (c)     Failure to maintain the premises in a safe and secure manner; and,

    (d)     Failure to provide basic needs, i.e. food, liquid, toileting, cleaning and assistance with activities of daily living.

25.     Defendant breached these duties as set forth herein above.

26.     These breaches resulted in Patsy Cline's injury and/or death.

WHEREFORE, Plaintiff demands judgment against Defendant, and seeks all damages allowable under West Virginia law, Attorney's Fees, and Punitive Damages as well as any other items and relief that the Court sees fit to award and demands a trial by jury on all issues.

## COUNT IV
## WRONGFUL DEATH CLAIM

27.    Plaintiff realleges and incorporates by reference paragraphs 1-26 above and further states as follows:

28.    This is an action for wrongful death pursuant to W.Va. Code § 55-7-5, *et seq.*

29.    Plaintiff is the surviving daughter of Arthur B. Long, Jr., deceased.

30.    Defendant and its employees had a duty to act with reasonable care in the provision of care and services to Arthur B. Long, Jr. during the course of its medical facility operations.

31.    Defendant breached its duties to the decedent, Arthur B. Long, Jr., by and through the acts and omissions of its agents, servants, and employees, both managerial and non-managerial, while acting in the course and scope of their employment, and/or while acting in the scope of their agency relationship, in one or more of the ways described hereinabove.

32.    As a direct and proximate result of the negligence of Defendant's employees, servants and agents, committed in the course and scope of their agency and employment, the decedent, Arthur B. Long, Jr., suffered from systemic abuse and neglect causing significant injuries, ultimately leading or contributing to his death on or about February 15, 2016.

33.    As a direct and proximate result of the negligence of Defendant's employees, servants and agents, committed in the course and scope of their agency and employment, Arthur B. Long, Jr. died and Tiffiny Long has sustained mental pain and suffering and loss of companionship of her father as a result of his death.

7

34. As a direct and proximate result of the negligence of Defendant and its employees, Plaintiff's survivors and/or estate have incurred medical expenses for the care and treatment of the conditions that led to his death and, additionally, the estate has incurred funeral expenses. The actions and omissions alleged above arise to the level of reckless, wanton disregard and punitive damages are warranted.

WHEREFORE, Plaintiff demands judgment against Defendant, and seeks all damages allowable under West Virginia law, Attorney's Fees, and Punitive Damages, as well as any other items and relief that the Court sees fit to award and demands a trial by jury on all issues.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**By Counsel,**

Jeff D. Stewart, Esquire (WV Bar No. 9137)
Andrew L. Paternostro, Esquire (WV Bar No. 5541)
**STEWART | BELL, PLLC**
Post Office Box 1723
Charleston, West Virginia 25326
(304) 345-1700 / (304) 345-1715 (Fax)
*Counsel for Plaintiff*

8